EDWARD C. RADZIK (ER-2473)
McDERMOTT & RADZIK, LLP
*Attorneys for Plaintiffs*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY a/s/o GPS FURNITURE
INTERNATIONAL, INC. and TJX
COMPANIES, INC.,

      Plaintiffs

 - against -

COLUMBINE MAERSK, and the KIRSTEN
MAERSK, their engines, boilers, tackles,
appurtenances, etc.; AP MOLLER-MAERSK
A/S d/b/a MAERSK SEALAND; and
INSTRANSIT CONTAINER, INC.,

      Defendants.
-----------------------------------------------------------X


07 CIV 9815
ECF CASE

**COMPLAINT**


RECEIVED
NOV 05 2007
U.S.D.C. S.D.N.Y.
CASHIERS

  Plaintiffs, by their attorneys, McDERMOTT & RADZIK, LLP, allege upon information and belief, as follows:

  **FIRST**: All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court pursuant to 28 U.S.C. § 1333.

**SECOND:** This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1131 and 1337 because it arises from an intermodal carriage of goods in the United States and in international commerce and is governed by federal common law and federal statutes including, but not limited to, the Carmack Amendment to the Interstate Commerce Act of 1887 (49 U.S.C. § 11706).

**THIRD:** Plaintiffs assert that this Complaint is related to an earlier filed matter entitled *Bed Bath & Beyond, Inc. et al. v. M/V Sealand Developer et al.* 06 Civ. 8207 (RLC).

**FOURTH:** At and during all the times hereinafter mentioned, Plaintiffs have and now has the legal status and principal office and place of business stated in Schedule "A" hereto annexed, and by this reference made a part hereof.

**FIFTH:** At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule "A" and were and now are engaged in business as a common carriers of merchandise by water, by land, and as warehousemen, for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessels above named and other conveyances of transport and storage as common carriers and warehousemen of merchandise for hire.

**SIXTH:** This Court has personal jurisdiction over the Defendants, by reason of Defendants' regular and systematic contacts with the State of New York. In addition, the forum selection clause contained in the contracts of carriage issued by Defendants, AP Moller-Maersk A/S, specify that disputes thereunder shall be brought in the United States District Court for the Southern District of New York.

**SEVENTH**: At and during all the times hereinafter mentioned, the vessels named in the caption were and now are general ships employed in the common carriage of merchandise by water for hire, and now are or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**EIGHTH**: On or about the dates and at the ports of shipments stated in Schedules "B" and "C" there were shipped by the shippers therein named and delivered to Defendants and the said vessels and conveyances as common carriers and as warehousemen, the shipments described in Schedules "B" and "C", then being in good order and condition, and Defendants and the said vessels and conveyances then and there accepted said shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to safely transport, carry and store the said shipments and delver them to the place of delivery stated in Schedules "B" and "C", and set forth in the contracts of carriage and deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedules "B" and "C".

**NINTH**: Thereafter, the Defendants made delivery of the shipments, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedules "B" and "C", all in violation of Defendants' and the said vessels' and conveyances obligations and duties as a common carriers of merchandise by water, by land, as a warehousemen for hire.

**TENTH**: Plaintiffs were the shippers, consignees or owners of the shipments described in Schedules "B" and "C", and brings this action on their own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

**ELEVENTH**: By reason of the premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the aggregate sum of $98,090.73.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District as shall be described in Schedules "B" and "C", be attached in the aggregate sum of $98,090.73, with interest thereon and costs, the sum sued for in this Complaint;

3. That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiffs' damages in the sum of $98,090.73, plus interest, costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matter aforesaid, and that this Court will be

pleased to pronounce judgment in favor of Plaintiffs for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefore; and

5.  That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Dated:   New York, New York
         November 5, 2007

>           McDERMOTT & RADZIK, LLP
>           *Attorney for Plaintiffs*
>
>           BY: _____
>           EDWARD C. RADZIK (ER-2473)
>           Wall Street Plaza
>           88 Pine Street
>           New York, New York 10005-1801
>           (212) 376-6400
>           (File: 35-07-446 ECR)

## SCHEDULE A

**Plaintiff's Legal Status and Place of Business:**

Plaintiff, The Travelers Companies Inc., was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States with and office and place of business at 100 Bayliss Road, P.O. Box 9093, Melville, NY 11747-9093.

**Plaintiff's Legal Status and Place of Business:**

Plaintiff, GPS International Furniture, Inc., was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States with and office and place of business at 11 Delta Dr Unit 3, Londonderry, NH, 03053-2350.

**Plaintiff's Legal Status and Place of Business:**

Plaintiff, TJX Companies, Inc., was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States with and office and place of business at 770 Cochituate Road, Framingham, Massachusetts 01701.

**Defendant's Legal Status and Place of Business:**

Defendant, Maersk A/S d/b/a Maersk-Sealand, was and now is a corporation organized and existing under and by virtue of the laws of a foreign country, with and office and place of business in care of its General Agent, Maersk-Sealand at 3 Giralda Farms, Madison, NJ 07940.

**Defendant's Legal Status and Place of Business:**

Defendant, Intransit Container, Inc., was and now is a corporation or other business entity organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at 241 Francis Avenue, Mansfield, MA 02048.

## SCHEDULE B

| | |
|---|---|
| Vessel: | *COLUMBINE MAERSK* |
| Voyage: | Voy. 0509 |
| Port of Loading: | Port Klang, Malaysia |
| Port of Discharge: | Los Angeles, CA |
| Place of Delivery: | Londonberry, NH |
| Identity and Location of Warehouse/Container Yard: | Intransit Container, Inc., Worcester, MA |
| Shipper: | Maywood Industries DSN BHD |
| Consignee: | GPS Furniture International, Inc. |
| Nature of Damage: | Water Damage |

| Bill of Lading No. | Container No. | Description | Extent of Damage |
|---|---|---|---|
| K09LDR7618LM | SCMU4007935/ML-MY0053026 | Wooden Furniture | $9,327.58 |

SCHEDULE B SUBTOTAL    =    $9,327.28

## SCHEDULE C

Vessel:                                   *KIRSTEN MAERSK*
Voyage:                                   Voy. 0514
Port of Loading:                          Hong Kong, China
Port of Discharge:                        Los Angeles, CA
Place of Delivery:                        Woburn, MA
Identity and Location of
 Warehouse/Container Yard:                Intransit Container, Inc., Worcester, MA
Shipper:                                  Chiao Kuang Knitting Factory, Macau
Consignee:                                Marshalls of MA, Framingham, MA
Nature of Damage:                         Water Damage

| Bill of Lading No. | Container No. | Description | Extent of Damage |
|---|---|---|---|
| MAEU MACS32978 & MAEU502468807 | MAEU815619-4 | Knitted sweaters, man-made leather boots | $88,763.45 |

SCHEDULE C SUBTOTAL      =        $88,763.45